ORIGINAL

CINDY NUGENT -DAVI.
In Proper Person
5749 Arrow Tree St.
Las Vegas, NV 89130-7278
Phone # (702) 502-0474

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CINDY NUGENT - DAVI,

        Plaintiff,

vs.

CLARK COUNTY, a County existing under the laws of the State of Nevada;; THE LAS VEGAS METROPOLITAN POLICE DEPARTMENT DOE OFFICERS I through X, individually, and in their official capacity; DOES XI through XX, inclusive,

        Defendants.

Case No.

2:09-cv-01921-LRH-PAL

**COMPLAINT**

COMES NOW Plaintiff, Cindy Nugent-Davi, in proper person, and for her complaint against Defendants, and each of them, states:

## INTRODUCTION

1. This is a civil rights action arising under both federal and state law for damages resulting from what Plaintiff alleges to be the wrongful conduct of the Defendants herein named in causing the Plaintiff to suffer injuries as a result of being beaten by correctional officers while she was a detainee at the Clark County Detention Center.

## DEMAND FOR JURY TRIAL

2. Plaintiff demands a jury trial.

## JURISDICTION
### (Federal Causes of Action)

3. This action is brought by Plaintiff pursuant to 42 U.S.C. §1983 to redress violations perpetrated by the Defendants while acting under color of state law, municipal law, custom or policy of certain rights secured to the Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and §1343.

## VENUE

4. Venue is proper in the District of Nevada pursuant to 28 U.S.C. §1391(b) as the claims arose in this district.

## THE PARTIES

5. Plaintiff, Cindy Nugent-Davi, is and at all times herein mentioned was a resident of the State of Nevada, County of Clark, and was a detainee at the Clark County Detention Center at the time of the incident.

6. Defendant Clark County, is a County existing and established under the laws of the State of Nevada in its charter, with all the powers specified and necessarily implied by the Constitution and laws of the State of Nevada and exercised by a duly elected County Commission and/or its agents and officers, and, upon information and belief Clark County, Nevada is responsible for the funding, control, and supervision of the Clark County Detention Center, as well as the implementation and maintenance of official and unofficial polices pertaining to the County of Clark, and the Clark County Detention Center.

7. That upon information and belief the Las Vegas Metropolitan Police Department ("Metro") is responsible for the hiring, control and supervision of all of its detention and police officers and agents, as well as the implementation and maintenance of official and unofficial policies pertaining to the day to day functioning of the Clark County Detention Center.

8. That Defendant Officers Does I through X are sued in both their individual and official capacities.

9. That upon information and belief, Defendant Doe Officers I through X are correctional officers at the Clark County Detention Center, an entity of the Clark County, Nevada. At all times relevant to this Complaint, Defendant Doe Officers were acting in their individual and official capacity as agents, servants, and employees of Clark County, Nevada. Plaintiff will ask leave of this Court to insert the true names and capacities of such Defendants when the same have been ascertained and will further ask leave to join said Defendants in these proceedings.

. . .

2

16. That Defendant Does XI through XX are supervisory and/or policy making officials of the Clark County and the Las Vegas Metropolitan Police Department, as yet unidentified, who have adopted, implemented, maintained, and/or tolerated policies which permitted, facilitated, or allowed the violation of Plaintiff's civil rights and/or who have negligently trained, hired, or supervised officers, and/or agents, servants or employees of Clark County Nevada. Plaintiff will ask leave of this Court to insert the true names and capacities of such Defendants when the same have been ascertained and will further ask leave to join said Defendants in this proceedings.

17. That the true names and capacities, whether individual, corporate, associate, partnership or otherwise of Defendants herein designated as Does XI through XX are not known to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff herein alleges that each named Defendant herein designated as a Doe is in some manner negligently, willfully, maliciously, contractually, vicariously or otherwise legally responsible for the events and happenings herein referred to and proximately caused damage sustained by Plaintiff who has been damaged as a result thereof. Plaintiff will ask leave of this Court to insert the true names and capacities of such Defendants when the same have been ascertained and will further ask leave to join said Defendants in these proceedings.

18. That at all times relevant to this Complaint all of the actions of Defendants, and each of them, were performed under color of State law.

19. That at all times pertinent hereto the Defendants, and each of them, were the agents, servants, employers and/or employees of each other and were acting within the course and scope of said relationship.

## FACTS COMMON TO ALL CAUSES OF ACTION

20. Plaintiff was taken into custody and brought to the Clark County Detention Center on October 11, 2007, for an alleged domestic violence and verbal assault charge. At the time that the Plaintiff was brought into custody she had a small cut on her finger. The Plaintiff was in custody from 11am to approximately 3 am the next day, October 12, 2009.

. . .

3

21. The Plaintiff was informed that she would be allowed to use the phone when the lights came on. As Plaintiff was laying supine on the top bunk of the cell bunk beds, she noticed the lights flicker on. Attempting to get down from the bunk, the Plaintiff fell forward and made a commotion. At this time approximately three to four guards, female and male, entered the room screaming "get up bitch."

22. At this time, the guards began pummeling the Plaintiff with extension batons and kicking the Plaintiff. Additionally the guards tasered the plaintiff in the lower back and buttocks. the Plaintiff's heart stopped. After the assault the Plaintiff was revived by a defibrillator on the way to the hospital.

23. While at the hospital the Plaintiff was informed that she had contracted the MRSA virus from the cut on her hand. In addition, the Plaintiff has suffered numerous neck, spinal, and other systemic injuries.

24. At the hospital the Plaintiff required 167 stitches, and four staples to the back of her head to close the trauma. In addition, Plaintiff required neck and back surgery immediately upon entering the emergency room.

25. As the Plaintiff is receiving treatment at the hospital she is handcuffed to the bed. When Plaintiff recovers consciousness she is visited by a female internal affairs officer. Accompanying the internal affairs officer were two of the guards that assaulted the Plaintiff at CCDC. The Plaintiff felt intimated by the presence of the officers and stated that she had fallen from the bunk. In response, the Internal Affairs Officer undid the cuffs and returned Plaintiff's belongings in a plastic bag. In addition, the Internal Affairs Officer stated that she would not be charged with domestic violence.

25. On several occasions during 2007 and 2008 Plaintiff contacted Internal Affairs, Victims of Crime, and the District Attorney's Office, with no assistance. In addition, an Internal Affairs Officer denied that Plaintiff was ever in custody.

26. In September of 2009 the Plaintiff applied for a job and was told by the potential employer that she had "Prisoner's Health Insurance" on her credit record, and was consequently denied employment.

4

**FIRST CAUSE OF ACTION**
**(Violations of Civil Rights to Life and Security of Person, 42 U.S.C. §1983)**

27. Plaintiff incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. Defendants and each of them acted under color of law and subjected Plaintiff to cruel and unusual punishment and excessive force without lawful justification, therefore depriving Plaintiff of certain constitutionally protected rights, including but not limited to:

   a. The right not to be deprived of life or liberty without due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right to equal protection under the laws as guaranteed by the Fourteenth Amendment to the United States Constitution;

   c. The right to be free from use of excessive force by law enforcement officers as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; and

   d. The right to be free from cruel and unusual punishment as guaranteed by the Fourteenth Amendment to the United States Constitution.

29. That the wrong and unlawful acts perpetrated by the Defendants, and each of them, in intentionally disregarding the constitutional rights of the Plaintiff were wilful, oppressive, malicious and with wanton disregard for the established rights of the Plaintiff.

**SECOND CAUSE OF ACTION**
**(Violation of Plaintiff's Civil Rights - Municipal Liability 42 U.S.C. §1983)**

30. Plaintiff incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

31. Plaintiff further alleges, upon information and belief, that it is the policy, practice and custom of the Clark County Detention Center, its supervisors, and its correctional officers, the County of Clark, and Metro to tolerate and ratify the use of excessive, unreasonable, cruel and unusual punishment by Clark County Detention Center Correction officers.

. . .

32. Plaintiff also alleges, upon information and belief, that it is the policy, practice and custom of the County of Clark, Clark County Detention Center, and Metro to render "sub par" treatment to detainees at the Clark County Detention Center.

### THIRD CAUSE OF ACTION
### (Failure to Train and Supervise)
### Pursuant to 42 USC § 1983

33. Plaintiff incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34. That upon information and belief, it was the policy and custom of Metro to inadequately supervise and train its detention officers, including the Defendant Officers thereby failing to adequately discourage constitutional violations on the part of its detention officers.

35. As a result of the above described policies and customs, officers of Metro, including the Defendant Officers believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

36. The above described policies and practices demonstrate a deliberate indifference on the part of policy makers within Metro to the constitutional rights of persons detained within the Clark County Detention Center and were the cause of the violation of Plaintiff's rights alleged herein.

### FOURTH CAUSE OF ACTION
### (Conspiracy Pursuant to 42 USC §1983)

37. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38. That at all times during the events described herein, Defendant detention officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described herein and lent their physical presence, and the authority of their office to each other during said events.

39. That the Defendants, and each of them, conspired for the purpose of depriving the Plaintiff of her constitutional rights as evidenced by Internal Affairs bringing the offending

6

guards to the Plaintiff's hospital room, upon information and belief, with the intent to intimidate the Plaintiff.

40. That during the time of the incident, the Defendants, and each of them, combined, confederated and agreed together and with each other, knowingly and wilfully, to engage in the following acts, among others, to cause harm to Plaintiff as follows:

    a) To use a baton and taser against the Plaintiff with no apparent or perceived threat.

    b) To batter, humiliate, and send a message to the Plaintiff; and

    c) To overtly use excessive force to cause pain and emotional distress.

**FIFTH CAUSE OF ACTION**
**(Negligence as to all Defendants)**

41. Plaintiff incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

42. At all times mentioned herein, Defendants, and each of them, were subject to a duty of care to avoid causing unnecessary physical harm and distress to the jail population at the Clark County Detention Center in the exercise of the police and state function. The conduct of Defendants, and each of them, as set forth herein did not comply with the standard of care to be exercised by reasonable police officers, detention officers, or internal affairs officers, thus, the Defendants, and each of them, breached their duty of care.

43. As a direct and proximate result of Defendants' negligence, and each of them, as herein alleged, Plaintiff has been damaged in an amount in excess of $10,000.00, the exact amount to be proven at trial.

**SIXTH CAUSE OF ACTION**
**(Negligent Supervision and Training -**
**State Causes of Action)**

44. Plaintiff incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

. . .

. . .

7

45. That upon information and belief, Metro had prior notice of the vicious propensity of its detention officers to engage in unconstitutional conduct but took no steps to correct their abuse of authority, or discourage their misconduct.

46. Metro had a mandatory duty to properly and adequately train and supervise its Officers and personnel under their control so as to avoid an unreasonable risk of harm to its detainees. Metro failed to take necessary, appropriate and adequate measures to prevent the violation of Plaintiff's constitutional rights and the rights of others similarly situated.

47. That as a direct and proximate result of Metro's negligence as herein alleged, the Plaintiff has been damaged in an amount in excess of $10,000.00, the exact amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

48. Plaintiff incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49. That Plaintiff was caused to suffer severe emotional upset, embarrassment, humiliation and anguish by virtue of Defendants', and each of them, intentional, extreme and outrageous conduct..

50. That as a direct and proximate result of the actions of Defendants, and each of them, the Plaintiff was caused to suffer extreme physical, emotional and psychological injury and harm, as evidenced by her medical records to be produced during discovery, all to her detriment in an amount in excess of $10,000.00, the exact amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages in the amount of $4,000,000.00;

2. For punitive damages against the individually named Defendants and Does in an amount deemed appropriate to punish the Defendants for their wrongful and egregious conduct.;

3. For costs of suit incurred herein;

. . .

. . .

4.  For pre-judgment and post-judgment interest on all sums according to law; and

5.  For such other and further relief as this Court deems just and proper.

DATED this _2_ day of October, 2009.

                                      CINDY NUGENT-DAVI

                                      By: _____
                                      CINDY NUGENT-DAVI.
                                      In Proper Person
                                      5749 Arrow Tree St.
                                      Las Vegas, NV 89130-7278
                                      Phone # (702) 502-0474