LYSSA S. ANDERSON
Nevada Bar No. 5781
FOX ROTHSCHILD, LLP
3800 Howard Hughes Parkway, Ste 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Fax: (702) 597-5503
landerson@foxrothschild.com

**Attorneys for Defendant**
**Las Vegas Metropolitan Police Department**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CINDY NUGENT-DAVI, individually<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, a County existing under the laws of the State of Nevada; THE LAS VEGAS METROPOLITAN POLICE DEPARTMENT DOE OFFICER I through X, individually, and in their official capacity; DOES XI through XX, inclusive,<br><br>Defendants. | Case No. 2:09-cv-01921-LRH-PAL<br><br>**MOTION TO DISMISS**<br><br>**Oral Argument Requested** |

Defendant, Las Vegas Metropolitan Police Department ("LVMPD"), by and through its attorneys of record, Fox Rothschild, LLP, hereby moves this court for an Order Dismissing Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12 (b) and/or 56. This Motion is made and based on the pleadings and papers on file herein, the Memorandum of Points and Authorities attached hereto, and any oral argument this Court may entertain at the time of hearing pursuant to LR 78-2.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169

VG1 26443v1 12/23/09

Page 1 of 6

DATED this 23rd day of December, 2009.

FOX ROTHSCHILD, LLP

BY: _____
LYSSA S. ANDERSON
3800 Howard Hughes Parkway, Ste. 500
Las Vegas, Nevada 89169
*Attorneys for Defendant*
*Las Vegas Metropolitan Police Department*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

In Plaintiff's Complaint she alleges several causes of action arising out of her alleged detention on October 10, 2007 at the Clark County Detention Center (hereinafter "CCDC"), however, Plaintiff was not ever in custody at CCDC on the evening in question. Moreover, Plaintiff was actually detained at the City Jail[1] on the date alleged in her Complaint. As Plaintiff has alleged no set of facts which could lead to any conceivable liability on the part of LVMPD, Plaintiff's Complaint must be dismissed.

### II.  STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure generally governs dismissal of claims. To wit:

> (b) **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion. (6) a claim upon which relief can be granted…a motion making any of these defenses shall be made before pleading if a responsive pleading is permitted.

Fed.R.Civ.P. 12(b)

---

[1] A separate legal entity from LVMPD.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169

VG1 26443v1 12/23/09

Page 2 of 6

1    In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (1997), the United States Supreme Court held that a motion to dismiss should be granted if the Plaintiff does not delineate "enough facts to state a claim to relief that is plausible on its face." "[A] plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. "Factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation omitted). A complaint cannot simply leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968. Rather, the facts set forth in the complaint must be sufficient to "nudge the claims across the line from conceivable to plausible." *Id.* at 1974. Moreover, although the Court must take all well pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party, "conlusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal citations omitted).

However, if, on a motion to dismiss, documents outside of the pleadings themselves are introduced and considered by the court, the motion is to be treated as one for summary judgment under Fed.R.Civ.P. 56. Fed.R.Civ.P. 12 (c). A party against whom a claim is brought may move for summary judgment at any time. Fed.R.Civ.P. 56 (b). Pursuant to Rule 56(c), summary judgment shall be granted when, "viewing the facts in the light most favorable to the non-moving party, (1) there is no genuine issue of material fact, and (2) the moving party is entitled to summary judgment as a matter of law. Once the moving party has satisfied his burden, he is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admission on file, 'specific facts showing that there is

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169

VG1 26443v1 12/23/09

Page 3 of 6

1  a genuine issue for trial.'" *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912,

2  919 (9th Cir. 2001), citing *Celotex v. Catrett*, 477 U.S. 317, 324-325, 91 L.Ed. 2d 265, 106 S.Ct.

3  2548 (1986). The mere existence of a scintilla of evidence in support of the non-moving party's

4  position is not sufficient. Id. (citing *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1220

5  (9th Cir. 1995)). "Factual disputes whose resolution would not affect the outcome of the suit are

6  irrelevant to the consideration of a motion for summary judgment." Id. (Citing *Anderson v.

7  Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L.Ed 2d 202, 106 S.Ct. 2505 (1986)). "In other

8  words, 'summary judgment should be granted where the non-moving party fails to offer evidence

9  from which a reasonable jury could return a verdict in its favor.'" Id. "(citing *Triton Energy*, 68

10 F.3d at 1221).

## III. UNDISPUTED FACTS

12  1.  Plaintiff alleges she was "beaten by corrections officers while she was a detainee
13 at CCDC." Plaintiff's Complaint at Paragraph 1.

14  2.  Plaintiff alleges she was "a detainee at CCDC at the time of the incident."
15 Plaintiff's Complaint at Paragraph 5.

16  3.  Plaintiff alleges she was "taken into custody and brought to CCDC on October 11,
17 2007." Plaintiff's Complaint at Paragraph 20.

18  4.  Plaintiff's Complaint is silent as to any inappropriate conduct by LVMPD prior to
19 her alleged detention. Instead, Plaintiff's Complaint alleges inappropriate conduct following her
20 detention. Plaintiff's Complaint, generally.

21  5.  Plaintiff was never in custody at CCDC on the night alleged in her Complaint.
22 Exhibit A, Affidavit of Deborah Somma, Paragraph 7.

23  6.  LVMPD has determined through a review of the applicable records that Plaintiff
24 was in custody at the City Jail on the evening alleged in her Complaint. Affidavit of Deborah

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169

VG1 26443v1 12/23/09

Page 4 of 6

Somma, Paragraph 7.

7. The City Jail is affiliated with the City of Las Vegas and is a separate legal entity from LVMPD. Affidavit of Deborah Somma, Paragraph 9.

## IV. LEGAL ARGUMENT

As discussed below, the lack of well pleaded factual assertions in the Complaint is fatal to each of Plaintiff's counts. Therefore, dismissal of Plaintiff's Complaint is warranted.

**The Las Vegas Metropolitan Police Department Is Not A Proper Defendant For Any Of Plaintiff's Causes Of Action.**

The Plaintiff's Complaint alleges that a number of inappropriate acts occurred during her detention on October 11, 2007 However, Plaintiff has mistakenly filed suit against LVMPD based upon her erroneous belief that she was in custody at CCDC on that date.

As set forth in the Affidavit of Deborah Somma, Plaintiff was not in custody at CCDC and, instead, was in custody at the City Jail. Moreover, the City Jail is affiliated with the City of Las Vegas and is a separate legal entity from LVMPD. As such, Plaintiff has failed to allege any set of facts which could plausibly entitle her to relief against LVMPD.

Accordingly, Plaintiff's claims against LVMPD based on allegations of her alleged detention at the City Jail are without any merit, whatsoever. Plaintiff has alleged no evidence of involvement of LVMPD to warrant the continued litigation of claims. The Court should, therefore, dismiss LVMPD from this litigation.

## V. CONCLUSION

Wherefore, Defendant Las Vegas Metropolitan Police Department respectfully requests this honorable Court to enter an order granting judgment in its favor or, in the alternative, dismissing Plaintiff's Complaint with prejudice, and for any other such relief as this court deems

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169

VG1 26443v1 12/23/09

Page 5 of 6

1  fair and proper.

2  DATED this 23rd day of December, 2009.

3  FOX ROTHSCHILD, LLP

5  BY: _____
   LYSSA S. ANDERSON
6  3800 Howard Hughes Parkway, Ste. 500
   Las Vegas, Nevada 89169
7  *Attorneys for Defendant*
   *Las Vegas Metropolitan Police Department*

## CERTIFICATE OF MAILING

Pursuant to FRCP 5(b), I hereby certify that service of the foregoing **MOTION TO DISMISS** was made this date by depositing a true copy of the same for mailing at Las Vegas, Nevada, addressed to each of the following:

Cindy Nugent-Davi
5749 Arrow Tree Street
Las Vegas, Nevada 89130-7278
*In Proper Person*

DATED this 22nd day of December, 2009.

_____
An employee of Fox Rothschild LLP

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169

VG1 26443v1 12/23/09

Page 6 of 6

# EXHIBIT A

1  LYSSA S. ANDERSON
   Nevada Bar No. 5781
2  FOX ROTHSCHILD, LLP
   3800 Howard Hughes Parkway, Suite 500
3  Las Vegas, Nevada 89169
   Telephone: (702) 262-2899
4  Fax:       (702) 597-5503
   landerson@foxrothschild.com
5  **Attorneys for The Las Vegas Metropolitan Police Department**

6

## UNITED STATES DISTRICT COURT

7
## DISTRICT OF NEVADA

8  CINDY NUGENT-DAVI, individually     Case No. 2:09-cv-01921-LRH-PAL

9              Plaintiff,
         vs.                                  **AFFIDAVIT OF DEBORAH SOMMA IN
10                                             SUPPORT OF MOTION TO DISMISS**
   CLARK COUNTY, a County existing under
11 the laws of the State of Nevada; THE LAS
   VEGAS METROPOLITAN POLICE
12 DEPARTMENT DOE OFFICER I through X,
   individually, and in their official capacity;
13 DOES XI through XX, inclusive,

14              Defendants.

15 STATE OF NEVADA         }
                           } ss
16 COUNTY OF CLARK         }

17     Deborah Somma, being duly sworn, deposes and says:

18     1.   I am an employee of the Las Vegas Metropolitan Police Department's

19 ("LVMPD") Risk Management Section. I have personal knowledge of the facts and

20 circumstances set forth in this affidavit and make this affidavit under penalty of perjury.

21     2.   I make this affidavit in support of LVMPD's Motion to Dismiss.

22     3.   In December 3, 2009, LVMPD was served with Plaintiff Cindy Nugent-Davi's

23 Complaint.

24

4. Upon receipt, I attempted to retrieve the records related to her alleged detention at Clark County Detention Center ("CCDC").

5. I was unable to locate any records related to her alleged detention at CCDC.

6. I then contacted the City of Las Vegas to determine whether she had been in custody at the City Jail on the night in question.

7. Based upon my contact with the City of Las Vegas and my review of the applicable records of both facilities, I was able to determine that Plaintiff was not in custody at CCDC and, instead, was in custody at the City Jail.

8. The records associated with Plaintiff's detention at the City Jail are confidential and, as such, I am not permitted to attach them as a supporting exhibit to my affidavit. I am told that LVMPD's counsel may permit the Court to review them *in camera*, if necessary.

9. The City Jail is affiliated with the City of Las Vegas and is a separate legal entity from LVMPD.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
DEBORAH SOMMA

SUBSCRIBED AND SWORN BEFORE ME this ____ day of December, 2009.

_____
NOTARY PUBLIC in and for said County and State
My Commission Expires: JAN 20 2013

DEANNE SHIRLEY
Notary Public State of Nevada
No. 05-94700-1
My appt. exp. Jan. 20, 2013

OX ROTHSCHILD LLP
300 Howard Hughes Parkway
Site 500
Las Vegas, Nevada 89169

VG1 26606v1 12/23/09

Page 2 of 2