1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                  DISTRICT OF NEVADA

8                                          * * *
                                            )
9    CINDY NUGENT-DAVI,                      )
                                            )
10              Plaintiff,                    )              2:09-CV-01921-LRH-PAL
                                            )
11   v.                                      )
                                            )              ORDER
12   CLARK COUNTY, a County existing under   )
     the laws of the State of Nevada; THE LAS )
13   VEGAS METROPOLITAN POLICE               )
     DEPARTMENT; DOE OFFICER I through X, )
14   individually and in their official capacity; and )
     DOES XI through XX, inclusive,          )
15                                           )
                Defendants.                   )
16   _____ )

17        Several motions are currently pending before the court.  Defendants Las Vegas

18   Metropolitan Police Department ("LVPD") and Clark County have each filed motions to dismiss

19   (##11, 19[1]), and Plaintiff Cindy Nugent-Davi has filed a motion to amend (#8).[2]

20        This is a civil rights dispute arising out of Plaintiff's arrest and subsequent detention in

21   October of 2007.  In the complaint, Plaintiff alleges that on October 11, 2007, she was arrested and

22   taken to the Clark County Detention Center.  Plaintiff remained in custody until approximately 3

23   a.m. the following day.  Plaintiff alleges that while in detention, the guards kicked her and beat her

24   _____

25        [1]Refers to the court's docket entry number.

26        [2]While the parties have filed additional motions, the motions to dismiss and motion to amend are
     dispositive of the issues now before the court and render the remaining motions moot.

1   with batons.  In addition, she states that the guards tasered her, causing her heart to stop.

2       Plaintiff alleges that she was then taken to the hospital where she required numerous

3   stitches and several staples in the back of her head.  She also immediately underwent neck and back

4   surgery.  While recuperating, an internal affairs officer visited Plaintiff, along with two of the

5   guards that had assaulted her.  Plaintiff states that because the presence of the two officers

6   intimidated her, she told the internal affairs officer that she was injured because she fell from her

7   bunk.  In response, the internal affairs officer allegedly undid Plaintiff's handcuffs, returned

8   Plaintiff's belongings, and informed Plaintiff that she would not be charged with the crime for

9   which she was originally arrested.

10       As a result of these events, Plaintiff alleges Defendants violated her due process and equal

11   protection rights, her right to be free from excessive force, and her right to be free from cruel and

12   unusual punishment.  Plaintiff further alleges that pursuant to policy, practice, and custom,

13   LVMPD and Clark County permitted Clark County Detention Center correctional officers to use

14   excessive and unreasonable force.  In addition, Plaintiff alleges the following claims for relief: (1)

15   failure to train and supervise; (2) conspiracy; (3) negligence; (4) negligent supervision and training;

16   and (5) intentional infliction of emotional distress.

17   **I.**    **Legal Standard**

18       Defendants bring their motions pursuant to Federal Rule of Civil Procedure 12(b)(6) for

19   failure to state a claim upon which relief can be granted.  Generally, a court's inquiry on a motion

20   to dismiss is limited to the pleadings.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.

21   2001).  The court will convert a motion to dismiss into a motion for summary judgment if the

22   parties submit matters outside the pleadings and the court relies on the material in making its

23   decision.  *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 582 (9th Cir. 1983); Fed. R.

24   Civ. P. 12(d).  Here, as the parties have presented evidence outside of the pleadings upon which the

25   court must rely in ruling on the motions, the court will construe the motions to dismiss as motions

26

1    for summary judgment.

2            Summary judgment is appropriate only when "the pleadings, depositions, answers to

3    interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

4    genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

5    law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together

6    with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable

7    to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

8    587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

9            The moving party bears the burden of informing the court of the basis for its motion, along

10   with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,

11   477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party

12   must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

13   find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

14   1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

15           To successfully rebut a motion for summary judgment, the non-moving party must point to

16   facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.

17   Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might

18   affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

19   242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary

20   judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute

21   regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could

22   return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a

23   scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine

24   dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at

25   252.

26

**II.      Discussion**

Both LVMPD and Clark County move for summary judgment on the grounds that they are not properly named defendants.  In particular, they argue and present evidence indicating that, contrary to Plaintiff's allegations, Plaintiff was never detained at the Clark County Detention Center.  Instead, Plaintiff was detained at the City Jail, which is affiliated with the City of Las Vegas.

Plaintiff appears to concede that she was detained at the City Jail.  Plaintiff nonetheless argues that she has properly named LVMPD and Clark County as defendants because when the Clark County Detention Center has an overflow of detainees, it sends its detainees to the City Jail.  However, Plaintiff has neither presented evidence in support of this allegation nor explained how, as a result of this alleged relationship, either LVMPD or Clark County is legally responsible for the actions of correctional officers at the City Jail.

To the extent that Plaintiff believes she has claims against LVMPD arising out of her arrest, the court will permit Plaintiff to amend her complaint to state such claims.  Likewise, to the extent Plaintiff believes she has claims against Clark County or the University Medical Center arising out of her treatment at the hospital, the court will permit Plaintiff to amend her complaint.  The court will further permit Plaintiff to amend her complaint to assert claims against the City of Las Vegas and/or its individual employees related to her detention at the City Jail.[3]

IT IS THEREFORE ORDERED that LVMPD's Motion to Dismiss (#11) is GRANTED.

IT IS FURTHER ORDERED that Clark County's Motion to Dismiss (#19) is GRANTED.

IT IS FURTHER ORDERED that, to the extent that Defendant Clark County's Motion to Strike (#32) seeks to strike the "Motion for Proof of Service" on the University Medical Center (#28-6) the motion is GRANTED.   Plaintiff has not named the University Medical Center as a

---

[3]The court emphasizes that nothing in this order should be read to suggest that the court believes that Plaintiff can state compensable claims against these entities or individuals.  Instead, this order merely grants Plaintiff the opportunity to attempt to assert any claims that she believes she may have.

4

1   party in this action.

2         IT IS FURTHER ORDERED that Clark County's Request for Ruling (#39) is GRANTED.

3         IT IS FURTHER ORDERED that Plaintiff's "Motion for Injunction" (#42) is DENIED as

4   moot.

5         IT IS FURTHER ORDERED that Plaintiff shall have thirty (30) days from the entry of this

6   order to file an amended complaint.  If Plaintiff fails to submit an amended complaint within thirty

7   (30) days, this case shall be dismissed.

8         IT IS SO ORDERED.

9         DATED this 1st day of July, 2010.

10

11

12                       _____
                    LARRY R. HICKS

13                       UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26