PARKER SCHEER LAGOMARSINO
ANDRE M. LAGOMARSINO, Esq. (# 6711)
610 South Seventh Street
Las Vegas, Nevada 89101
(702) 383-2864
(702) 383-0065 (fax)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CINDY NUGENT-DAVI, an individual, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO: 2:09-cv-01921 |
| CITY OF LAS VEGAS, a municipality of the State of Nevada; KAREN COYNE, in her official capacity as Chief of Department of Detention and Enforcement of the City of Las Vegas Detention Center and as an individual; MICHELE FREEMAN, in her official capacity as Deputy Chief of the City of Las Vegas Detention Center and as an individual; JOHN DOE OFFICERS I through X, individually and in their official capacity as employees of the City of Las Vegas Detention Center, | ) **FIRST AMENDED COMPLAINT** and **JURY DEMAND** |
| Defendants. | ) |

COMES NOW Plaintiff CINDY NUGENT-DAVI (hereinafter "Plaintiff" or "Ms. Nugent-Davi") by and through her attorney, Andre M. Lagomarsino, Esq. and files the following First Amended Complaint with this Honorable Court, alleging the following:

…

…

…

## PRELIMINARY STATEMENT

1. This action seeks compensatory and punitive damages, as well as attorney's fees for: violations of Plaintiff's substantive due process rights as set forth under the Fourteenth Amendment and actionable through 42 U.S.C. § 1983, municipal liability due to custom or practices and inadequate training actionable through 42 U.S.C. § 1983, supervisor liability actionable through 42 U.S.C. § 1983, conspiracy actionable through 42 U.S.C. § 1983, assault, battery, intentional infliction of emotional distress, negligence and negligent supervision and training.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §1331 and §1343(1),(3),(4) and the aforementioned statutory provision. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under Nevada state law.

3. Venue in this District is proper because all facts pleaded herein and all acts and omissions giving rise to this complaint occurred within Clark County, Nevada in the District of Nevada.

## PARTIES

4. At all times relevant herein, Ms. Nugent-Davi, was a bona fide resident of Clark County, Nevada and a citizen of the United States of America. At the time of the incident, Ms. Nugent-Davi was a detainee at the City of Las Vegas Detention Center.

5. At all times relevant herein, Defendant CITY OF LAS VEGAS was, and remains, a municipality and political subdivision of Clark County and the State of Nevada, and oversees and manages the City of Las Vegas Detention Center. The City of Las Vegas Detention Center is not a party but a department of the City of Las Vegas.

6. At all times relevant herein, Defendant KAREN COYNE (hereinafter "COYNE") is and was the Chief of Las Vegas Department of Detention Enforcement, an employee of the CITY

OF LAS VEGAS, a United States citizen and, upon information and belief, a resident of Clark County, Nevada and is being sued in both her official capacity and as an individual.

7. At all times relevant herein, Defendant MICHELE FREEMAN (hereinafter "FREEMAN") is and was the Deputy Chief of Las Vegas Department of Detention Enforcement, an employee of the CITY OF LAS VEGAS, a United States citizen, and, upon information and belief, a resident of Clark County, Nevada and is being sued in both her official capacity and as an individual.

8. That the true names and capacities, whether individual, corporate, associate, partnership or otherwise were the agents of one another of Defendants herein designated as JOHN DOE OFFICERS I through X are unknown to Ms. Nugent-Davi, who, therefore sues said Defendants by such fictitious names in their individual and official capacities. Ms. Nugent-Davi alleges that each named defendant and each defendant designated as JOHN DOE OFFICER is negligently, willfully, maliciously, contractually, vicariously, or otherwise legally responsible for the events and happenings herein referred to and likewise proximately caused injury and damages to her. Ms. Nugent-Davi reserves the right to ask leave of this Court to insert the true names and capacities of such Defendants when the same have been ascertained, and will further ask leave to join said Defendants in these proceedings.

## ALLEGATIONS COMMON TO ALL CLAIMS

9. Paragraphs 1 through 8 are hereby specifically included and incorporated as though fully set forth herein.

10. On or about Thursday, October 11, 2007, at approximately 1:00 o'clock in the afternoon, Ms. Nugent-Davi was taken into custody and brought to the City of Las Vegas Detention Center for an alleged domestic violence charge.

11. While detained at the City of Las Vegas Detention Center, Ms. Nugent-Davi learned that she could make a telephone call when the lights came on.

12. At approximately 2:45 a.m., Ms. Nugent-Davi noticed the lights flicker on as she was lying on her back on the top bunk of her cell. Attempting to get down from the top bunk, Ms. Nugent-Davi fell, face-forward in the cell which caused a commotion. The fall and time of the night caused Ms. Nugent-Davi to be in a dazed state of mind.

13. At this time, approximately three to four correctional officers, male and female, entered the cell yelling "get up bitch."

14. Due to being dazed from the fall Ms. Nugent-Davi did not immediately get up from the cell floor.

15. At this time, the correctional officers began kicking and pummeling Ms. Nugent-Davi with extension batons. In addition, the correctional officers tasered Ms. Nugent-Davi in the lower back and buttocks causing Ms. Nugent-Davi's heart to stop.

16. Ms. Nugent-Davi's heart was revived by a defibrillator on the way to University Medical Center (hereinafter "UMC").

17. Upon arrival at UMC's emergency room Ms. Nugent-Davi required immediate neck and spine surgery.

18. At UMC, Ms. Nugent-Davi learned that she had a T1 and T3 compression fracture to her spine, a right T6 clinical fracture to her spine, a 6 cm laceration to her front scalp which required 167 stitches, a 4 cm laceration near the back of her scalp which required four staples, and associated injuries to her neck and right hip along with multiple scrapes and bruises to her body.

19. While Ms. Nugent-Davi was recovering from surgery a female Internal Affairs officer from the City of Las Vegas visited her. Accompanying the Internal Affairs officer were two of the correctional officers that had assaulted Ms. Nugent-Davi earlier that morning. Ms. Nugent-Davi, who was handcuffed to the hospital bed, felt intimidated by the presence of the officers.

20. After asking Ms. Nugent-Davi about the incident earlier that morning the Internal Affairs Officer took the handcuffs off of Ms. Nugent-Davi, returned her belongings in a plastic bag and stated that she would not be charged with domestic violence.

21. On several occasions during 2007 and 2008 Ms. Nugent-Davi contacted Internal Affairs, Victims of Crime, and the District Attorney's Office to report the correction officers' abuse but received no assistance.

22. As a result of the injuries Ms. Nugent-Davi sustained on October 12, 2007 she has been unable to hold a job due to the amount of constant pain she is in.

23. Additionally, Ms. Nugent-Davi has endured associated injuries and medical conditions as a result of the injuries she sustained on October 12, 2007.

## FIRST CLAIM FOR RELIEF

### *(Violation of 42 U.S.C. § 1983)*

24. Paragraphs 1 through 23 are hereby specifically included and incorporated as though fully set forth herein.

25. These Defendants, under color of law and through their application of excessive force, deprived Ms. Nugent-Davi of her liberty rights provided by the substantive due process provision within the Fourteenth Amendment to the United States Constitution.

26. This complaint sets forth allegations that these Defendants acted in a manner that was intentionally excessive and unreasonable, and/or deliberately indifferent to the liberty, health and welfare of Ms. Nugent-Davi, and these acts or omissions were the direct and legal cause of her injuries and suffering.

27. The excessive force applied by the Defendants to Ms. Nugent-Davi was unnecessary as Ms. Nugent-Davi was injured on the floor, in her cell, and was not causing harm to any other individual or herself.

28. In addition, the use of tasers, extension batons, and physical force by the Defendants was unnecessary as Defendants could easily restrict Ms. Nugent-Davi's movement as she was already lying on the cell floor, and the excessive force was only meant to further injure her and violate her constitutional rights.

29. As a direct and proximate result of Defendants' unlawful conduct, Ms. Nugent-Davi suffered a broken spine in three different places, two lacerations on her scalp requiring stitches and staples, and injuries to her neck and hip, along with multiple scrapes and bruises to her body.

30. Furthermore, the excessive force applied by the Defendants was not done in a good faith effort to maintain or restore discipline, but was applied maliciously and sadistically for the very purpose of causing Ms. Nugent-Davi additional harm. As a result, Ms. Nugent-Davi should be awarded compensatory and punitive damages from Defendants, in their official and individual capacity, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

## SECOND CLAIM FOR RELIEF

### *(Violation of 42 U.S.C. § 1983, Municipal Liability)*

31. Paragraphs 1 through 30 are hereby specifically included and incorporated as though fully set forth herein.

32. Prior to October 12, 2007, Defendant CITY OF LAS VEGAS developed and maintained policies, customs or practices exhibiting deliberate indifference to the federally protected constitutional rights of persons in Las Vegas, which caused the violation of Ms. Nugent-Davi's rights.

33. It was the policy and/or custom or practice of Defendant CITY OF LAS VEGAS to allow its employees to use excessive force in containing pretrial detainees, and therefore violate federally protected constitutional rights, and this practice was so well settled that the CITY OF LAS VEGAS had constructive knowledge of it yet did nothing to end the practice.

34. It was the policy and/or custom of Defendant CITY OF LAS VEGAS to inadequately and improperly investigate citizen complaints of correctional officer abuse and misconduct, and acts of abuse and misconduct were instead tolerated by CITY OF LAS VEGAS, including this incident.

35. In addition, Defendant CITY OF LAS VEGAS had constructive knowledge of its correctional officers deliberate indifference to the rights of pretrial detainees and failed to correct the situation by adequately training its staff to avoid constitutional violations.

36. Moreover, Defendant CITY OF LAS VEGAS did not require appropriate in-service training or re-training of correctional officers who were known to have engaged in misconduct.

37. As a result of the above described policies, customs, and inadequate training, officers of the CITY OF LAS VEGAS, including JOHN DOE OFFICERS I through X, believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but instead would be tolerated.

38. The above described policies, customs and inadequate training demonstrate a deliberate indifference on the part of policymakers of the CITY OF LAS VEGAS to the constitutionally protected rights of persons within the city, and were the cause of the violations of Ms. Nugent-Davi's rights alleged herein. As a result, Ms. Nugent-Davi should be awarded compensatory and punitive damages from Defendant CITY OF LAS VEGAS in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

### THIRD CLAIM FOR RELIEF

*(Violation of 42 U.S.C. § 1983, Supervisor Liability)*

39. That Ms. Nugent-Davi reaffirms, re-alleges, and incorporates herein by reference, the allegations contained in Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. At all times material and relevant herein, Defendants COYNE and FREEMAN were acting within the scope of their authority as agents, officers and employees of the City of Las Vegas.

41. At all times material and relevant herein, Defendants COYNE AND FREEMAN acquiesced in and were deliberately indifferent to JOHN DOE OFFICERS I through X's unconstitutional conduct and COYNE and FREEMAN'S inaction was affirmatively linked to the deprivation of Ms. Nugent-Davi's protected constitutional rights. As a result, Ms. Nugent-Davi should be awarded compensatory and punitive damages from Defendants COYNE and FREEMAN, in their official and individual capacity, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) due to their deliberate indifference to Ms. Nugent-Davi's constitutional rights.

## FOURTH CLAIM FOR RELIEF

*(Conspiracy Pursuant to 42 U.S.C. § 1983)*

42. That Ms. Nugent-Davi reaffirms, re-alleges, and incorporates herein by reference, the allegations contained in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. That at all times during the events described herein, Defendants JOHN DOE OFFICERS I though X were engaged in a joint venture. The individual officers assisted each other in exerting excessive force onto Ms. Nugent-Davi and lent their physical presence and the authority of their office to each other during said event.

44. In addition, during the time of the incident, Defendants JOHN DOE OFFICERS I through X combined, confederated and agreed together, in a knowing and willful fashion, to engage in the following acts for the purpose of causing harm to Ms. Nugent-Davi:

    a) to violate Ms. Nugent-Davi's constitutional rights;

    b) to cause, or have plan to cause, assault and battery to Ms. Nugent-Davi; and

      c)      to overtly use excessive force to intentionally inflict emotional distress on Ms. Nugent-Davi.

45. As a direct and proximate result of Defendants' unlawful conduct, Ms. Nugent-Davi suffered damages and is entitled to compensation for her pain and suffering, lost earnings, medical expenses and other related costs, including but not limited to attorneys fees in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

46. The conduct of the Defendants, as individuals and in concert with one another as herein alleged, was willful, intentional, oppressive, malicious and done in a wanton and reckless disregard of Ms. Nugent-Davi's rights and thereby warrants the imposition of punitive damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

### FIFTH CLAIM FOR RELIEF

*(Assault)*

47. Paragraphs 1 through 46 are hereby specifically included and incorporated as though fully set forth herein.

48. At all times relevant herein, JOHN DOE OFFICERS I-X were acting within the course, scope and furtherance of their agency and employment with Defendant CITY OF LAS VEGAS. As a result, the CITY OF LAS VEGAS is responsible for the actions of JOHN DOE OFFICERS I-X as described herein.

49. On numerous occasions during the evening in question, Defendants JOHN DOE OFFICERS I-X placed Ms. Nugent-Davi in reasonable apprehension of physical harm by using tasers, extension batons, and excessive force to harm and humiliate Ms. Nugent-Davi.

50.     Defendants conduct was so threatening and harmful that it resulted in Ms. Nugent-Davi's back being broken in three places, two lacerations to her scalp, and associated neck and hip injuries, along with multiple scrapes and bruises to her body.

51.     As a direct and proximate result of Defendants conduct as described herein, Ms. Nugent-Davi suffered damages and is entitled to compensation for her pain and suffering, lost earnings, medical expenses, and other related costs including but not limited to attorney fees in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

52.     The conduct of the Defendants as individuals and in concert with one another as herein alleged was willful, intentional, oppressive, malicious and done in a wanton and reckless disregard of Ms. Nugent-Davi's rights and thereby warrants the imposition of punitive damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

## SIXTH CLAIM FOR RELIEF

### (*Battery*)

53.     Paragraphs 1 through 52 are hereby specifically included and incorporated as though fully set forth herein.

54.     At all times relevant herein, JOHN DOE OFFICERS I-X were acting within the course, scope and furtherance of their agency and employment with Defendant CITY OF LAS VEGAS. As a result, the CITY OF LAS VEGAS is responsible for the actions of JOHN DOE OFFICERS I-X as described herein.

55.     On numerous occasions during the evening in question, Defendants JOHN DOE OFFICERS I-X placed Ms. Nugent-Davi in reasonable apprehension of physical harm by using tasers, extension batons, and excessive force to harm and humiliate Ms. Nugent-Davi.

56. Defendants conduct was so threatening and harmful that it resulted in Ms. Nugent-Davi's back being broken in three places, two lacerations to her scalp, and associated neck and hip injuries, along with multiple scrapes and bruises to her body.

57. As a direct and proximate result of Defendants conduct as described herein, Ms. Nugent-Davi suffered damages and is entitled to compensation for her pain and suffering, lost earnings, medical expenses, and other related costs including but not limited to attorney fees in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

58. The conduct of the Defendants as individuals and in concert with one another as herein alleged was willful, intentional, oppressive, malicious and done in a wanton and reckless disregard of Ms. Nugent-Davi's rights and thereby warrants the imposition of punitive damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

## SEVENTH CLAIM FOR RELIEF

### (*Intentional Infliction of Emotional Distress*)

59. That Ms. Nugent-Davi reaffirms, re-alleges, and incorporates herein by reference, the allegations contained in Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60. At all times material and relevant herein, Defendants JOHN DOE OFFICERS I-X were acting within the scope of their authority as agents and officers of Defendant CITY OF LAS VEGAS. As a result, the CITY OF LAS VEGAS is responsible for the actions of JOHN DOE OFFICERS I-X as described herein.

61. By their acts and omissions, Defendants, as individuals and as a collective, intentionally, inflicted emotional distress on Ms. Nugent-Davi. These acts and omissions, which were calculated to unlawfully deprive Ms. Nugent-Davi of her constitutional rights, included but were not limited to the following:

a) The acts performed by JOHN DOE OFFICERS I-X of kicking, tasering, and pummeling Ms. Nugent-Davi with extension batons was done with the intent of causing harm to Ms. Nugent-Davi. As a result, Ms. Nugent-Davi was deprived of her liberty, and was subjected to scorn, ridicule, and humiliation by those observing the incident.

62. As a direct and proximate result of Defendants' unlawful conduct, Ms. Nugent-Davi suffered damages and is entitled to compensation for her pain and suffering, lost earnings, medical expenses, and other related costs including but not limited to attorney fees in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

63. The conduct of the Defendants, as individuals and in concert with one another, as herein alleged was willful, intentional, oppressive, malicious, and done in a wanton and reckless disregard of Ms. Nugent-Davi's rights and thereby warrant the imposition of punitive damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

### EIGHTH CLAIM FOR RELIEF

*(Negligence)*

64. Paragraphs 1 through 63 are hereby specifically included and incorporated as though fully set forth herein.

65. At all times relevant herein, JOHN DOE OFFICERS I-X were acting within the course, scope and furtherance of their agency and employment with Defendant CITY OF LAS VEGAS. As a result, the CITY OF LAS VEGAS is responsible for the actions of JOHN DOE OFFICERS I-X as described herein.

66. Defendants owed a duty to Ms. Nugent-Davi to avoid causing unnecessary physical harm and distress to the jail population while handling a pretrial detainee.

67. On October 12, 2007, these Defendants breached the duty to act with reasonable care by tasering, using extension batons and kicking Ms. Nugent-Davi as she was lying injured on the cell floor.

68. As a direct and proximate result of Defendants' breach, Ms. Nugent-Davi experienced damages and is entitled to compensation for her pain and suffering, lost earnings, medical expenses, and other related costs including but not limited to attorney fees in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

69. The conduct of the Defendants, as individuals and in concert with one another, as herein alleged was oppressive and done in a wanton and reckless disregard of Ms. Nugent-Davi's rights and thereby warrant the imposition of punitive damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

### NINTH CLAIM FOR RELIEF

*(Negligent Hiring, Training, Supervision, and Control)*

70. Paragraphs 1 through 69 are hereby specifically included and incorporated as though fully set forth herein.

71. These Defendants had a non-delegable duty to exercise reasonable care in the hiring, training, supervision, and control over those correctional officers, agents and employees involved in Ms. Nugent-Davi's detention, and to ensure that the correctional officers uphold the detainees' constitutional rights.

72. These Defendants breached the duties delineated in paragraph 69.

73. As a direct and proximate result of Defendants' conduct as described herein, Ms. Nugent-Davi experienced damages and is entitled to compensation for her pain and suffering, lost earnings, medical expenses, and other related costs including but not limited to attorney fees in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

74. The conduct of the Defendants, as individuals and in concert with one another, as herein alleged was done in a reckless disregard of Ms. Nugent-Davi's rights and thereby warrant the imposition of punitive damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

**WHEREFORE**, Plaintiff prays for relief as follows:

1. For compensatory and special damages in excess of $75,000.00;

2. For punitive damages in excess of $75,000.00;

3. For costs and attorney fees incurred in prosecuting this action; and

4. For such further relief as the Court deems warranted.

DATED this 31st day of July, 2010.

Respectfully Submitted,

PARKER SCHEER LAGOMARSINO
ANDRE M. LAGOMARSINO, Esq. (# 6711)
610 South Seventh Street
Las Vegas, Nevada 89101
Phone: (702) 383-2864
Fax: (702) 383-0065
andre@parkerscheer.com
*Attorneys for Plaintiff*

## VERIFICATION OF PLAINTIFF CINDY NUGENT-DAVI

I, CINDY NUGENT-DAVI, do hereby state that I am the Plaintiff in the above-titled action. I further state that I have read the foregoing First Amended Complaint and know the contents thereof. The Complaint is true of my own knowledge except as to those matters that are stated in information and belief, and as to those matters, I believe them to be true.

_____   7/31/2010
CINDY NUGENT-DAVI                         DATE

I declare under penalty of perjury that the foregoing is true and correct.

_____   7/31/2010
CINDY NUGENT-DAVI                         DATE

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rules 38-1, Plaintiff demands a trial by jury on all issues in this action.

DATED this 31st day of July, 2010.

Respectfully Submitted,

/s/ _____
PARKER SCHEER LAGOMARSINO
ANDRE M. LAGOMARSINO, Esq. (# 6711)
610 South Seventh Street
Las Vegas, Nevada 89101
Phone: (702) 383-2864
Fax: (702) 383-0065
andre@parkerscheer.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R.Civ. P. 5(b), I hereby certify that on this 31st day of July, 2010, I served a true copy of the foregoing PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND on all parties who have previously appeared in this action by Electronic Mail through the United States District Court's CM/ECF Filing System. This Complaint will also be served on the newly named defendants according to the provisions of the Nevada Revised Statutes.

/s/ _____
An employee of PARKER SCHEER LAGOMARSINO